IN THE MATTER OF THE ESTATE OF MARY E. MILLER, DECEASED.

*Collateral inheritance tax — 1885, chap. 483 — the term "lineal descendant" does not include nephews and nieces.*

The term "lineal descendants," as used in section 1 of chapter 483 of 1885, which imposes a tax upon all property which passes by will or by the intestate laws of this State to any person other than " to or for the use of father, mother, husband, wife, children, brother and sister, and lineal descendants born in lawful wedlock, and the wife or widow of a son and the husband of a daughter," includes only the direct descendants of the testator or intestate, and does not include the children of brothers and sisters of the deceased.

APPEAL from an order of the Surrogate's Court of Orange county confirming the report of an appraiser of the property of the estate of Mary E. Miller, deceased, subject to the collateral inheritance tax.

Mary E. Miller, of New Windsor, Orange County, N. Y., died September 30, 1886, owning real and personal property, and leaving a will in which she devised a portion of her estate to her nephew John Blackburn Miller, the son of a deceased brother of testatrix. Pursuant to the provisions of chapter 483 of the Laws of 1885, the surrogate appointed an appraiser of the property of said testatrix, who gave the notice required by said act, and made and filed his report, whereupon the surrogate made an order adjudging among other things that the property devised and bequeathed to said John Blackburn Miller in and by the will of said Mary E. Miller, deceased is not exempt from taxation under said act, and directing the executors to pay a tax thereon amounting to $12,213.05. To such portions of said order, said John Blackburn Miller in due time excepted and appealed to this court.

*E. A. Brewster*, for John Blackburn Miller, appellant.

*Russel Headley*, district attorney of Orange county, for the People, respondent.

BARNARD, P. J.:

Construing the act of the legislature (chap. 483, Laws of 1885) as a whole, the legislative intent is plain. The title specifies its purpose to be to tax gifts, legaci es and collateral inheritances in certain cases. By the first section all property which passes by will or under the laws governing the descent and distribution of real and personal property in cases of intestacy to any person or persons or corporation " other than those to or for the use of father, mother, husband, wife, children, brother and sister and lineal descendants born in lawful wedlock, and the wife or widow of a son, and the husband of a daughter, and the societies, corporations and institutions now exempted by law from taxation " are made subject to tax. The claim that lineal descendants refers to lineal descendants of nephews and nieces of a testatrix rests solely upon the punctuation, and if the construction be limited strictly to it, a child's child will be excluded, and the nephew's child included among those who take property free from the tax. Neither the grammatical construction of a sentence nor the punctuation controls the reading when from the whole act the meaning is plain. The term

lineal descendants only includes the direct descendants of the testator or intestate. The act would fail if the lineal descendants of father, mother, wife and of brother and sister were among the excepted instances who had no descent from the testator or intestate. The descendants must be the testator's or intestate's descendants in the direct line. By the second section the act provides for remainders which were to pass to the class or classes not excepted after a life estate to those who could take free from tax. The section is more carefully drawn. The persons who can take the life estate without tax are "father, mother, husband, wife, children, brother and sister, the widow of. a son, or a lineal descendant."

There is no doubt but that the classes of those who could take the life estate are the same as those who took without a tax, if an absolute property was given them by the first section. By the ninth section of the act, the classes are again stated who are not subject to tax as follows: Father, mother, husband, wife, lawful issue, wife or widow of a son, or husband of a daughter." There is no warrant in this section to class the children of brothers and sisters among the lawful issue of the deceased. The term lineal descendants must, therefore, be limited to children of the deceased, and to their children and children's children, and not be held to include the children of brothers and sisters of deceased.

The order should, therefore, be affirmed with costs and disbursements.

PRATT, J., concurred.

Order of surrogate affirmed with costs.